HUDSON, Judge.
On 25 November 2002, a jury convicted defendant of driving while impaired (DWI), and the court imposed a 6 month sentence, suspended for 24 months. Defendant appeals the conviction, and for the reasons below, we find no error.
At approximately 9:46 p.m., 12 January 2002, Trooper K.D. Hyde, of the North Carolina Highway Patrol, observed defendant's vehicle traveling in excess of the speed limit. When the trooper clocked defendant's vehicle at seventy-seven m.p.h. in a fifty-five m.p.h. zone, he turned on his blue lights and siren and pursued defendant. Trooper Hyde saw defendant weave between the shoulder and the travel lane before he stopped. As Trooper Hyde exited his vehicle, he saw defendant get out of his own vehicle and stumblealong holding the side of his truck. Trooper Hyde also observed that defendant had red, glassy eyes, was very disoriented, and smelled strongly of alcohol. Defendant performed poorly on two psycho-physical tests administered by Trooper Hyde.
Based on his observations, Trooper Hyde formed the opinion that defendant was impaired and placed him under arrest for DWI. He took defendant to the Macon County Jail, and read him his rights, whereupon defendant blew a .14 on the Intoxylizer. Defendant appeared before a magistrate, who ordered that defendant be released to a sober adult or at daylight. Defendant telephoned his mother, who picked him up the next morning.
Before the trial, defendant issued a subpoena duces tecum for production of the repair records of, and raw data downloaded from, the Intoxilyzer unit used here. In response, the State filed a motion to quash. Defendant then filed a "Motion to Continue and Compel Timely Production of Data", and later, a "Motion for Independent Testing", and a motion to dismiss. On 19 November 2002, the trial court held an evidentiary hearing, at the conclusion of which it granted the State's motion to quash and denied all of defendant's motions.
Defendant argues that the trial court erred in denying his motion to compel. He asserts that the information he sought in the subpoena duces tecum would have allowed him to present an affirmative defense, and the denial of that information violated his due process rights. Defendant concedes that he was not entitled to this information in advance under the discoverystatute, N.C.G.S. § 15A-901 (2003). We need not decide whether defendant was entitled to the information he sought through the subpoena duces tecum, as we conclude that any possible error was harmless beyond a reasonable doubt.
This Court has repeatedly held that the proper standard for reviewing a court's refusal to grant a defendant's request for information is whether such denial, if error, was harmless beyond a reasonable doubt. State v. Cunningham, 108 N.C. App. 185, 197, 423 S.E.2d 802, 809 (1992); State v. McKeithan, 140 N.C. App 422, 436, 537 S.E.2d 526, 535 (2000). Here, as in Cunningham and McKeithan, the evidence against defendant is overwhelming. Defendant admitted that he had consumed four drinks, as well as an entire bottle of cough syrup which contained alcohol. Furthermore, the arresting officer observed defendant's car weaving, and defendant stumbling as he exited his vehicle. The arresting officer testified:
I observed red glassy eyes . . . [H]e was very unsteady on his feet . . . I asked Mr. Worley why he was traveling so fast . . . He just continued to stare at me. He was very disoriented. I had to ask Mr. Worley that question about 3 times before I finally got an answer . . . I asked Mr. Worley for his driver's license. At that time, he still seemed very disoriented. He took his wallet out of his pocket. He handed me a Sams Card . . . I then instructed Mr. Worley that it was his Sams Card and not his driver's license. I handed it back to Mr. Worley for him to observe and look at. He then was still very disoriented. He looked at it very hard, handed it back to me and said, "No sir, this is my driver's license."
Defendant then failed two field sobriety tests. Given this overwhelming evidence of defendant's intoxication, we conclude that there is no reasonable possibility that the jury would haveconcluded otherwise. Thus, any error in denying defendant's request for the Intoxylizer and its data was harmless beyond a reasonable doubt. We overrule this assignment of error.
Defendant also assigns error to the court's denial of defendant's motion to dismiss. He contends that the magistrate violated N.C.G.S. § 15A-534.2 (2003) when he ordered that defendant be released "to sober adult or daylight." He argues that no part of G.S. § 15A-534.2 allows detention of an impaired driver "until daylight." Although the statute does not explicitly authorize holding an impaired driver "until daylight," it does specifically allow holding an impaired driver until:
(1) The defendant's physical and mental faculties are no longer impaired to the extent that he presents a danger of physical injury to himself or others or of damage to property if he is released; or
(2) A sober, responsible adult is willing and able to assume responsibility for the defendant until his physical and mental faculties are no longer impaired.
Further, G.S. § 15A-534.2 (c) provides that "[t]he defendant may be denied pretrial release under this section for a period no longer than 24 hours." Defendant contends that after he spoke with his mother, at approximately 11:00 p.m, she called the jail and was told she would have to wait until morning. The State challenges this account and asserts that defendant's mother was not delayed and merely chose to pick him up in the morning. The trial court found as fact that "Defendant's mother picked the Defendant up in the morning and was not delayed nor inhibited from coming andpicking up the Defendant sooner." Defendant has not challenged this finding of fact and thus, it is conclusive on appeal. Further, the record shows that defendant arrived at the detention facility at 12:33 a.m. and was released at 8:00 a.m. - he was in custody far less than twenty-four hours. As the magistrate's order was within the scope of G.S. § 15A-534.2, we conclude that the defendant has failed to show that any official detained him in violation of the statute.
The State also asserts that defendant has failed to show any prejudice. As we have concluded that defendant has not shown a violation of the statute, we need not address the question of prejudice.
No error.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).